THE C. R. SHEFFER.

Appeal of SCHOONMAKER et al.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

No. 105.

1. SHIPPING ⬥⟹101—CHARTERS—COMMON OR "PRIVATE CARRIER."

A scow, contracting to carry a cargo to her full capacity, is not a common, but a private, carrier, and is bound only to the exercise of ordinary care and skill.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Carrier.]

2. SHIPPING ⬥⟹120—CHARTER OF SCOW—LIABILITY FOR INJURY TO CARGO.

A scow contracted to carry a cargo of brick to be delivered in shallow waters, in which she was liable to lie aground at low tide, but where, as a rule, the bottom was reasonably level and soft. She was shown to be in good condition and seaworthy, and had previously discharged cargoes in the same vicinity without injury. On the trip in question, owing to a gale, the water was at least two feet lower than usual, and where she discharged there was some obstruction, on which she settled, and which broke a hole in her bottom, causing her to fill and injure the cargo. *Held*, that such fact did not establish negligence which rendered her liable for the damage.

Appeal from the District Court of the United States for the Southern District of New York.

Petition in admiralty of John D. Schoonmaker and Jacob Rice, as owners of the barge C. R. Sheffer, for limitation of liability. From a decree holding the vessel liable for injury to a cargo, petitioners appeal. Reversed.

It is assumed without finding it as a fact, that the petitioners, Schoonmaker and Rice, as owners of the brick scow Sheffer, agreed with the Richmond Brick Company (claimant) to transport a full cargo of brick from Staten Island to the vicinity of Meserole street, Brooklyn (Newtown creek). It is not uncommon, if not ordinarily expected, that vessels frequenting shallow waters in this kind of harbor service will often lie aground while receiving and discharging cargo. The Sheffer was not old, and was well built and entirely seaworthy, when agreement made. During either loading or waiting to unload the Sheffer grounded at least once before January 6th and developed a leak, which was repaired. Beginning on January 5th a violent northwesterly gale prevailed over the harbor of New York, causing very low tides, and we consider it shown that the shallow waters of Newtown creek were by reason of this gale two or three feet lower than would ordinarily be the case. At about 4 o'clock on the afternoon of January 6th the Sheffer was examined and found to be free of water, except "four or five inches in her lowest corner," which for a wooden vessel of her class would not be "any water to figure on." The tide was then falling, the boat was aground or nearly so, and some hours later she was obviously as full of water as the tide permitted her to be. She was later discovered to have her bottom broken or pushed in over a considerable area, the wound displaying such characteristics that we find she must have rested upon a hard object while aground. Of course, the heavier the load and the shallower the water, the greater the likelihood that such injury would occur:

The Richmond Brick Company brought suit at law against Schoonmaker et al., for injury to their brick cargo whereupon the scow owners began this

proceeding, wherein the Brick Company appeared as answering claimant. The court below denied the right to limit, and awarded the claimant damages as upon a libel for breach of contact of carriage.

Hyland & Zabriskie, of New York City (Nelson Zabriskie, of New York City, of counsel), for appellants.

Charles E. Lydecker, of New York City, for appellee.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

HOUGH, Circuit Judge (after stating the facts as above). [1] Assuming an agreement of carriage between scow owners and freighters, the appellants were not common carriers, for the Brick Company was given and used the full capacity of the scow, and therefore her owners were not common, but private, carriers; i. e., bailees to transport for hire. The Fri, 154 Fed. 333, 83 C. C. A. 205, certiorari denied 210 U. S. 431, 28 Sup. Ct. 761, 52 L. Ed. 1135; The Wildenfels, 161 Fed. 864, 89 C. C. A. 58.

[2] Therefore claimant was obliged when the original seaworthiness of the Sheffer was shown to prove some act of negligence, by which those private carriers became liable for cargo damage. It is claimant's contention that it was sufficient proof of negligence that the Sheffer lay upon the ground to her injury, or that, since brick scows often do lie aground, it was negligence not to provide a scow that could so rest on the bottom without injury to her cargo wherever she was lawfully sent. This in substance asserts that no brick scow is seaworthy—i. e., reasonably fit for her intended occupation—unless she can lie aground everywhere. This is going much too far. A private carrier, like other bailees for hire, is only bound to the exercise of ordinary care and skill—the reasonable skill of his calling.

It may be admitted that any vessel expected to lie aground must be reasonably fit for the contingencies of such an occupation; but it does not follow that she must therefore be strong enough to hold up a heavy cargo when an extraordinary January gale sweeps out at least two feet of water from accustomed mooring places, or that owners are bound to anticipate that in bottoms reasonably level and soft there may not be embedded hard objects that will puncture vessels resting against them. We consider it proven that the cause of damage to this vessel and her cargo was an unusual storm, which lowered the scanty waters of Newtown creek and caused the Sheffer to lie aground on a bottom for the most part notoriously soft and oozy, but which at the place where she lay contained some substance (possibly an old wreck or a dumped cargo) that broke in her bottom in an unusual and not to be anticipated manner. Therefore claimant has failed to show negligence, and petitioners have shown that they offered a seaworthy vessel for the service and exercised due diligence to keep her so.

The decree below is reversed, and cause remanded, with instructions to grant the prayer of the petition. Appellants will have costs in this court.