**KOPPERS CONNECTICUT COKE CO. v. JAMES McWILLIAMS BLUE LINE, Inc.**

No. 14678.

District Court, E. D. New York.

Dec. 22, 1936.

Platow, Lyon & Stebbins (Leo J. Curren, of New York City, of counsel), for libelant.

Macklin, Brown, Lenahan & Speer, (Richard F. Lenahan, of New York City, of counsel), for respondent.

INCH, District Judge.

Libelant owned a quantity of coke and it is conceded that on or about the 9th

day of February, 1935, contracted with the respondent for the full capacity of the barge Blue Crest, which barge was owned by the respondent, and was to be towed, by a tug also owned by the respondent, from New Haven, Conn., to Brooklyn, N. Y. The coke was thereupon loaded on the said barge at New Haven and, while in such tow, sank by reason of a collision with another vessel in the East River. The coke was damaged. Libelant brings this suit to recover such damage.

The sole defense is that there is no liability on the part of the respondent because of the third section of the Harter Act (Act of February 13, 1893, c. 105, § 3, 27 Stat. 445, title 46 U.S.C. § 192, 46 U.S.C.A. § 192).

At the trial the parties stipulated certain facts, but the court deemed such stipulation insufficient and, therefore, at the court's request, the parties have stipulated all the material facts and these have been made the basis for the findings of the court.

■ The respondent was a private carrier. It was a bailee to transport the coke for hire. It was not a common carrier. None of the contracts or receipts between the parties contained any reference to the Harter Act (46 U.S.C.A. §§ 190–195).

The respondent alone seeks to read into its agreements this particular section of this legislation of Congress on the theory that such law must be deemed to have been a part of the contract.

■ If respondent had been a common carrier this would be done. The G. R. Crowe (C.C.A.) 294 F. 506. If a private carrier expressly so contracted for release from such liability it would be allowed to do so. Warner Sugar Refining Company v. Munson S. S. Line (D.C.) 23 F.(2d) 194, affirmed without opinion (C.C.A.) 32 F. (2d) 1021. Nothing of this sort appears here. Respondent seeks to apply a portion of this legislation (section 3 [46 U.S. C.A. § 192]) without regard to the purpose of the legislation and on the theory that it must apply by reason of "its own force" to private carriers and bailees as well as to common carriers.

The reason apparently is that this court, in a prior decision not appealed from, has held that it does so apply. The Alberta M., 60 F.(2d) 154 (D.C.E.D.N.Y.).

■ Ordinarily this would be sufficient reason for me to do likewise, as contrary decisions of this sort, in the same district, are not to be approved, as they lead to uncertainty and confusion. However, if it appears that the facts are different or that a different rule has been laid down by the Circuit Court of Appeals of this circuit, the duty remains to otherwise decide the issue presented, however reluctant the court may be not to follow the able opinion of an associate.

Such is the case here, for while the facts are similar, I think the rule of the Circuit Court of Appeals for this circuit is contrary to the decision above referred to.

Only very recently this rule has again been announced by said appellate court. In the case of The Westmoreland (C.C.A. 2) 86 F.(2d) 96, 97, decided November 9, 1936, the court had before it a suit involving a private carrier, in which contract the Harter Act had been expressly incorporated, but it sustained another clause possibly in conflict therewith because such parties could make their own contracts.

The following excerpt from the opinion of the court (L. Hand, C. J.) is as follows: "The charter, being for the whole barge, made her a private carrier *and left the parties free to contract as they chose.* The Fri, 154 F. 333 (C.C.A.2); The G. R. Crowe, 294 F. 506 (C.C.A.2); the Elizabeth Edwards, 27 F.(2d) 747 (C.C.A.2); The Nat Sutton, 62 F.(2d) 787, 789 (C.C.A. 2). Thus the *Harter Act was relevant only because the parties incorporated it.*" (Italics mine.)

■ In the case now before me the question only is whether the Harter Act (46 U.S.C.A. §§ 190–195), or section 3, thereof (46 U.S.C.A. § 192), must be deemed a part of this contract of the private carrier, although never made a part thereof by the act of the parties thereto.

The above case seems to be a sufficient answer to respondent, but it is argued, based on the Alberta decision, supra, that there had been only dicta on this subject. I do not think this part of said decision in The Westmoreland can be considered a dictum. It was aimed directly at the issue of the right to make a private contract and determined that issue. To be sure this is a recent decision of which the parties were not aware at the trial nor the judge in the Alberta Case.

There is a sound reason for a distinction between the duties and rights of a common carrier and a private carrier.

■ Each composes a distinct class. Both transport merchandise. Each is distinct in law and also in fact. A common carrier has been defined as "one who offers to carry goods for any person between certain termini, each on a certain route, and who is bound to carry for all who tender their goods and the price of carriage." The Neaffie, 17 Fed.Cas. 1260, No. 10,063; Words and Phrases, First Series, vol. 2.

■ A private carrier is "one who agrees in some special case with some private individual to carry for hire, as distinguished from a common carrier who holds himself out to all persons who choose to employ him as ready to carry for hire." Bouv. Law Dict. (Rawle's 3rd Rev.) vol. 2, Private Carrier.

It has been said "where property is consigned to a person as bailee, with specific directions as to its disposal, he may refuse to accept * * * since a person has the same right to decline becoming a bailee as he has to decline becoming a purchaser * * * but * * * common carriers, * * * as persons exercising a public employment, are not within this rule." Bouv.Law Dict. (Rawle's 3rd Rev.) vol. 1, Bailee.

■ The distinction therefore above mentioned between "common" and "private" carriers is that the former holds himself out in common to all persons who choose to employ him while the latter agrees in a special case to carry for hire. The common carrier is a *public one* and he assumes a *public duty*. The private carrier is, as the word indicates, a private one and he "assumes no duty to the public but is liable, under his contract, in accordance with the maritime and common law," unless same is expressly modified or changed by a statute. See Allen v. Sackrider, 37 N.Y. 341.

In this circuit it has been plainly established that a barge contracting to carry a cargo to her full capacity is a "private" and not a common carrier. The Wildenfels (C.C.A.2) 161 F. 864. The C. R. Sheffer (C.C.A.2) 249 F. 600, and cases already referred to in the opinion in The Westmoreland.

Congress had before it the efforts of common carriers to limit their liability, by various clauses, for losses arising from causes of liability theretofore imposed generally by the maritime and common law. The Willdomino (C.C.A.) 300 F. 5, certiorari dismissed 270 U.S. 641, 46 S.Ct. 205, 70 L.Ed. 776.

■ It was a subject of national importance and one well within the legislative powers of Congress.

■ The Harter Act should be taken as a whole. The Delaware, 161 U.S. 459, 16 S.Ct. 516, 40 L.Ed. 771; Knott v. Botany Worsted Mills, 179 U.S. 69, 21 S.Ct. 30, 45 L.Ed. 90; The Jason, 225 U.S. 32, 32 S.Ct. 560, 56 L.Ed. 969.

The various sections of the act should not be applied here and there without regard to the purpose of the legislation as a whole.

Congress was speaking to any ship owner who was engaged in the "public occupation of a common carrier." The Jason, supra.

■ The trend of judicial decision has been to construe the Harter Act (sections 190 to 195 of this title [46 U.S.C.A.]) strictly, and not to extend the carrier's exemption from liability to doubtful and uncertain cases, but to leave such liability as it was defined and enforced by the law maritime and by the common law, unless the act plainly and unequivocally asserts a different liability. See Flint v. Christall, 171 U.S. 187, 18 S.Ct. 831, 43 L.Ed. 130 (title 46 U.S.C.A. § 192 and cases cited).

Only recently the Supreme Court refused to apply a law relating to a remedy for injury to good will from sales of trademarked branded or named goods to sales of unmarked goods. Old Dearborn Distributing Co. v. Seagram, etc., Corp., 299 U.S. 183, 57 S.Ct. 139, 81 L.Ed. ——, 106 A.L.R. 1476, decided December 7, 1936.

The respondent here seeks to apply legislation relating solely to common carriers who owe this public duty, to private carriers who owe no such duty and could "contract as they chose."

■ Section 3 of the Harter Act (46 U.S.C.A. § 192) is not deemed to be a part of the contract here unless expressly agreed to. It is conceded not to have been so agreed to by the parties.

In my opinion, therefore, in accordance with the decisions of the Circuit Court of Appeals of this circuit, it seems

to me that the sole defense here interposed by respondent must fail.

Accordingly, libelant is entitled to a decree in the usual form.